**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1259n.06

No.  12-3259

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 06, 2012**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARYLINE CHEPKORIR MARITIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:  GUY, SUTTON, and COOK, Circuit Judges.

PER CURIAM.  Maryline Chepkorir Maritim petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and ordering her removal to Kenya.  We deny Maritim's petition.

Maritim, a native and citizen of Kenya, entered the United States in January 2004 as a nonimmigrant student to attend Fontbonne University in St. Louis, Missouri.  Maritim last attended the university in April 2004.  After Maritim provided a counterfeit social security card to apply for an Ohio driver's license, the Department of Homeland Security served her with a notice to appear on December 10, 2007, charging her with removability under section 237(a)(1)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(C)(i), for failing to maintain or comply with

the conditions of her nonimmigrant status. In a hearing before an IJ, Maritim admitted the factual allegations in the notice to appear and conceded removability as charged.

On January 26, 2009, Maritim filed an application for asylum, withholding of removal, and protection under the CAT, asserting that, if she returned to Kenya, she would be required to live with her father's tribe (the Kipsigis, a subgroup of the Kalenjin) and forced to undergo female genital mutilation (FGM). After an evidentiary hearing, the IJ denied Maritim's application and ordered her removal to Kenya. The IJ found that Maritim was "a generally credible witness" but discounted her expert witness's testimony. The IJ went on to conclude that Maritim's application for asylum was timely based on her demonstration of changed circumstances affecting her eligibility for asylum. With respect to that eligibility, the IJ determined that a verbal threat to subject Maritim to FGM in 1993 did not amount to past persecution. The IJ found that Maritim had a subjective fear of returning to Kenya based on her membership in a particular social group: unmarried females from the Kipsigis tribe in Kenya who have not undergone FGM. But the IJ found that Maritim's fear was not an objectively reasonable one and therefore denied her asylum application. The IJ also determined that Maritim failed to establish eligibility for withholding of removal or protection under the CAT.

Maritim appealed the IJ's decision to the BIA. Dismissing the appeal, the BIA upheld the IJ's decision denying Maritim's application. This timely petition for review followed.

Maritim contends that the BIA summarily affirmed the IJ's decision without conducting an individualized review of the record and her legal arguments. To the contrary, the BIA issued a three-page order discussing the evidence in the record and addressing Maritim's arguments. Where, as

here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id.*

Maritim's brief refers to various standards of review, such as clear error, abuse of discretion, and manifestly contrary to law. We review the agency's factual determination as to whether an asylum applicant qualifies as a refugee for substantial evidence. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). Under that standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Maritim challenges the agency's determination that she failed to demonstrate an objectively reasonable fear of FGM if returned to Kenya. An asylum applicant bears the burden of proving refugee status by demonstrating either past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(a)-(b); *see also Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). A well-founded fear of future persecution "must be both subjectively genuine and objectively reasonable." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (citation omitted).

Here, the BIA agreed with the IJ that Maritim failed to establish that her fear of being forced to undergo FGM was objectively reasonable, noting that: (1) Maritim's mother and sisters were never subjected to FGM; (2) her parents, who still live in Kenya, support her opposition to FGM and have protected her from such harm for her entire life; (3) her mother now lives in Kisumu with her

own parents, who are members of the Luo tribe which does not practice FGM; (4) even if Maritim were forced to live with her father's tribe, her father would be present to protect her from such harm as he has always done in the past; (5) even within her father's tribe, only 48 percent of girls have undergone FGM; (6) Kenya has outlawed FGM; and (7) although FGM is still practiced, the Department of State country reports indicate that the practice is on the decline and occurs mainly in rural areas. The BIA further held that Maritim failed to meet her burden to establish that relocation within Kenya to a more urban area was not reasonable. *See* 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3)(i); *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155 & n.6 (6th Cir. 2010). As the BIA noted, Maritim admitted that she would probably be safe in a large city and that she might be able to live with her mother. Although Maritim claimed that her father's family would come for her if she relocated within Kenya, she acknowledged that there are laws against kidnapping, and the record reflects that the Kenyan government does not support or sponsor FGM. The record does not compel a conclusion contrary to the agency's determination that Maritim failed to establish an objectively reasonable fear of future persecution and therefore failed to demonstrate eligibility for asylum.

Maritim does not challenge the agency's denial of withholding of removal and protection under the CAT, thus forfeiting those claims. *See Abdurakhmanov v. Holder*, 666 F.3d 978, 981 n.2 (6th Cir. 2012). Regardless, because substantial evidence supports the agency's determination that Maritim failed to establish eligibility for asylum, she cannot satisfy the more stringent standards for withholding of removal and protection under the CAT. *See Ramaj v. Gonzales*, 466 F.3d 520, 532 (6th Cir. 2006).

For the foregoing reasons, we deny Maritim's petition for review.